## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| AISHA TRIMBLE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-1615-L-BK |
| | § | |
| UNITES STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Doc. 7, this *pro se* case was referred to the United States magistrate judge for pretrial management. Before the Court for findings and a recommended disposition is *Defendant's Motion to Dismiss*. Doc. 21. Defendant asserts that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(5) or, alternatively, Rules 12(b)(1) and 12(b)(6). *See id.* For the reasons stated below, the motion should be **GRANTED**.

## I. BACKGROUND

### A. Nature of Suit and Claims

Plaintiff Aisha Trimble, a United States military veteran, brings this civil action against the United States, alleging, *inter alia*, that her civil rights were violated when she not selected for three possible federal job vacancies because her potential employers failed to account for her veterans' preference eligibility under the Veterans Preference Act of 1944 ("VPA"). *See* Doc. 1, *passim* (Complaint).

Plaintiff alleges that in 2021 and 2022, she applied for three federal executive assistant positions: (1) a U.S. Department of Veterans Affairs (VA) vacancy, (2) a Federal Emergency Management Agency (FEMA) vacancy, and (3) a U.S. Bureau of Alcohol, Tobacco, Firearms,

and Explosives (ATF) vacancy.[1] Doc. 1, ¶¶ 20, 32, 47.  Plaintiff was not selected for either of

the three positions, and repeatedly challenged her non-selections with multiple federal agencies,

including the U.S. Department of Labor (DOL) and the Merit Systems Protection Board

(MSPB).  Doc. 1, ¶¶ 2, 21, 33, 47.  At each stage of the investigative and appeal processes, she

was informed that because she had applied for merit promotion jobs, she was eligible to apply

but was not entitled to any veterans' preference under the Veterans Employment Opportunities

Act of 1988 (VEOA).  Doc. 1 at 24, 42-55, 58-69, 71, 96-104, 113, 123-31.  Plaintiff appealed

the MSPB's decisions to the United States Court of Appeals for the Federal Circuit.  Doc. 1, ¶¶

29, 43, 56.  In each case, the Federal Circuit upheld the MSPB's decision, finding that Plaintiff

had failed to demonstrate any violation.  Doc. 1 at 58-69, 106-11, and 133-41.

Plaintiff subsequently filed this lawsuit alleging that her civil rights were violated by the

DOL's, MSPB's, and the Federal Circuit's determinations that her veterans' preference rights

were not violated when she was not selected for any of the three federal job vacancies.[2]  *See*

*generally* Doc. 1.  Plaintiff asserts six causes of action, including three civil-rights claims

alleging violations of 18 U.S.C. §§ 241, 242 and 42 U.S.C. §§ 1983, 1985, and 1986 (*id.* ¶¶ 65-

T67); two claims alleging Fifth Amendment violations (*id.* ¶¶ 68-69); and a claim alleging

various violations of veterans' preference rights under 5 U.S.C. § 2302 (*id.* ¶ 70).  Plaintiff also

_____

[1] Unless otherwise noted, the factual recitation pertaining to Plaintiff's non-selection is taken from the Complaint, which the Court must accept as true for purposes of resolving *Defendant's Motion to Dismiss*.

[2] The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

asserts claims under the Federal Tort Claims Act (FTCA) (*id.* ¶¶ 15, 72), but her complaint does not assert any actual cause of action under the FTCA.  As relief, Plaintiff requests $2 million in compensatory damages.  Doc. 1, ¶ 71.

B.  *Service of Process*

After filing, Plaintiff requested the Clerk enter a default against the United States and included an affidavit asserting that she effected service on the United States Attorney for the Northern District of Texas (USAO).  *See* Doc. 10 (request for entry of default); Doc. 10-1 (affidavit supporting request for entry of default); *see also* Doc. 9 (proof-of-service filings). Plaintiff then moved for a default judgment, Doc. 11, and filed a motion to vacate the referral of this matter to the undersigned magistrate judge, Doc. 12.  Both motions were denied initially and upon reconsideration by the presiding district judge.  Doc. 13; Doc. 14; Doc. 21.  Specifically, the district judge left the matter of Plaintiff's request for entry of default to the clerk of court and undersigned magistrate judge, noting that the Court "questions whether service of process was effected in accordance with Federal Rule of Civil Procedure 4(i)," and referencing a similar service issue raised in Plaintiff's related case in filed in this district (Civil Action No. 3:24-CV-1933-G-BT).  Doc. 21.

In the interim, the USAO filed a *Notice Regarding Deficient Service of Process* ("Notice"), asserting that the United States had not been properly served with process.  *See* Doc. 19.  The Notice avers that while the proof-of-service materials that Plaintiff had filed purported to show service on the USAO by mail, the USAO had no record of receiving the mailing in question and, indeed, the recipient signature of "O. Tonche" was not that of anyone employed at the USAO.  Doc. 19 at 3.  The Notice also recites that the Federal Rules of Civil Procedure specifically require any mailed service of process to the United States Attorney to be addressed

to the "civil process clerk" of the U.S. Attorney's Office for precisely the reason of ensuring that such mail is delivered correctly.  Doc. 19 at 3.

Notably, the USAO has repeatedly offered to accept service from Plaintiff, but Plaintiff has not responded to any of its offers.  *See* Doc. 21 at 12; Doc. 20.  Despite that fact and the pointed observation of the district judge calling into question the sufficiency of service here, Plaintiff apparently continues to disclaim assertions that the United States was not properly served or that additional service of process is necessary.  *See* Doc. 16 at 1, 3; *see also* Doc. 15 at 6.

## II. APPLICABLE LAW

### A.  Rule 12(b)(5)

Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. *See* FED. R. CIV. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted).  "Good cause" under Rule 4(m) is defined as "at least as much as would be required to show excusable neglect . . . simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore Inc.*, 776 F.2d 1304, 1206 (5th Cir. 1985)).  Additionally, "good cause" normally requires a showing of good faith on the serving party and "some reasonable basis for noncompliance within the time specified." *Id.* Where a plaintiff has not demonstrated good cause, a court has the discretion to either dismiss the case or extend time for service.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  A

plaintiff's *pro se* status does not excuse the failure to properly effect service. *Sys. Signs Supplies*, 903 F.2d at 1013 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

### B. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### C. Rule 12(b)(6)

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's "complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Twombly*, 550 U.S. at 572. Nevertheless, a complaint should not simply contain conclusory allegations but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or

unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation and quotation omitted).

In determining a motion to dismiss under Rule 12(b)(6), the court may examine the complaint, documents attached to the complaint, documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, and matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays BankPLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (in resolving a Rule 12(b)(6) motion, "the court may consider . . . matters of which judicial notice may be taken.").

## III. ANALYSIS

The United States argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(5) because she "has failed to properly serve the United States and apparently refuses to do so, despite multiple opportunities to perfect service." Doc. 21 at 21. In the alternative, the United States contends that (i) because Plaintiff has failed to demonstrate the necessary waiver of sovereign immunity for her claims alleging violations of the federal civil rights statutes, violations of the Fifth Amendment, or for any claims under the FTCA, these claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) (*id.* at 24-28), and (ii) all remaining claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim (*id.* at 28-35).

### A. *Dismissal Is Warranted under Rule 12(b)(5) for Failure to Effectuate Service on the United States*

The United States contends that Plaintiff's Complaint "should be dismissed in its entirety" because she "has failed to properly serve the United States and apparently refuses to do

so, despite multiple opportunities to perfect service." Doc. 21 at 21. Plaintiff, proceeding *pro se*, paid the statutory filing fee and is responsible for properly serving the United States with a summons and complaint in accordance with Federal Rule of Civil Procedure 4(i).

In support of its motion to dismiss under Rule 12(b)(5), the United States argues that Plaintiff's mailing to the U.S. Attorney's Office was addressed to the "Atty General for Northern District TX" (and never received), when she was instead required to identify the addressee as "the civil-process clerk at the United States attorney's office." Doc. 21 at 22. As previously noted, Plaintiff has failed to file a response to the motion. Instead, she has filed a litany of motions and objections insisting that service was proper, all of which have been denied or overruled. *See supra* at 2-4.

Pursuant to FED. R. CIV. P. 4(i)(1)(A), proper service of the United States Attorney requires that a copy of the summons and complaint be either: (1) personally delivered (as set forth in Rule 4(e)) to the United States Attorney or a designated member of their staff, or (2) if sent by mail (as in this case), addressed and sent to the civil-process clerk at the United States Attorney's office. *See* FED. R. CIV. P. 4(i)(1)(A).

Here, Plaintiff's service of the complaint and summons—*via* mail addressed to the "Atty General for Northern District TX"—does not constitute valid service. *See Jackson v. Ray*, 2021 WL 4848898, at *3 (N.D. Tex. Sept. 23, 2021) (finding service was improper when mail addressed to the acting U.S. Attorney by first and last name instead of to the "civil-process clerk at the United States attorneys' office") (collecting cases cases), *adopted by* 2021 WL 4848057 (N.D. Tex. Oct. 18, 2021); *Ziae v. Garland*, 2024 WL 5171622, at *4 (N.D. Tex. Nov. 8, 2024) (finding service was improper when mail addressed to "Clerk at the Office of the US Attorney for the Northern District of Texas" when he was instead required to identify the addressee as "the

civil-process clerk at the United States attorney's office") (citation omitted), *adopted by* 2024 WL 5173318 (N.D. Tex. Dec. 19, 2024).[3]

It is clear, therefore, that Plaintiff did not comply with Rule 4 in effecting service of process. Given that service was not proper, the Court is now faced with whether dismissal is warranted under Rule 12(b)(5). As stated previously, upon a showing of good cause for failure of service, the Court shall extend the time for service. FED. R. CIV. P. 4(m). "Good cause" under Rule 4(m) is defined as "at least as much as would be required to show excusable neglect . . . simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert*, 44 F.3d at 299 (citation omitted). Additionally, "good cause" normally requires a showing of good faith by the serving party and "some reasonable basis for noncompliance within the time specified." *Id.* Despite failure to effect service of process, "[t]he Court rarely dismisses a case due to the failure to properly serve a defendant" and "[o]n occasions where the Court has granted dismissal for improper service, it was only after multiple chances were given." *Coleman v. Carrington Mortg. Serv., LLC*, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020) (internal quotation marks omitted) (citing cases), *adopted by* 2020 WL 4698099, at *1 (E.D. Tex. Aug. 13, 2020).

Here, Plaintiff fails to assert or otherwise demonstrate good cause, good faith, and/or a reasonable basis for not properly serving the United States within the time allotted. As detailed above, *see supra* at 2-4, Plaintiff has been apprised on numerous occasions of service deficiencies by both the United States and the Court and has had multiple chances to properly

---

[3] The Clerk of the Court recently entered default against the United States at Plaintiff's request. *See* Doc. 40. As explained herein, however, the undersigned finds that Plaintiff failed to effect service of the summons and complaint on the United States in accordance with FED. R. CIV. P. 4(i)(1)(A).

serve the United States. As the United States avers, prior defense counsel contacted Plaintiff and offered to accept service on behalf of the U.S. Attorney. *See* Doc. 21 at 6-7. The USAO filed a *Notice Regarding Deficient Service of Process*, explaining to Plaintiff that to serve the United States under Rule 4(i)(1)(A), a plaintiff may either (i) personally deliver a copy of the summons and the complaint to the United States attorney, an assistant United States attorney, or a properly designated clerical employee or (ii) "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Doc. 19 at 2. The Notice further informed Plaintiff that the Federal Rules of Civil Procedure specifically require any mailed service of process to the U.S. Attorney to be addressed to the "civil process clerk" of the U.S. Attorney's Office for precisely the reason of ensuring that such mail is delivered correctly. Doc. 19 at 3.

Further, in her *Notice of Substitution of Counsel*, current counsel for the United States has repeated the offer to accept service on behalf of the U.S. Attorney's Office. *See* Doc. 20 at 1-2. And the Court itself has also put Plaintiff on notice of its concerns with whether she has properly served the United States in its order denying her motion for entry of default. *See* Doc. 13. Additionally, the undersigned notified Plaintiff more than two months ago, in denying her Motion to Strike, that her belief that she had properly effected service, and that the Court should therefore strike *Defendant's Motion to Dismiss*, was without legal basis. *See* Doc. 26. And the undersigned *sua sponte* extended the deadline for Plaintiff to respond to the motion. *Id.* The district judge affirmed this order. Doc. 36.

In sum, Plaintiff has not shown that she accomplished service of process of the summons and Complaint by a method permitted by the Federal Rules of Civil Procedure or state law or and has also failed to demonstrate that good cause exists to permit her an extension of the deadline to

effectuate service on the United States. *See Styles v. McDonalds Rest.*, 2019 WL 2266636, at \*5 (E.D. Tex. Jan. 28, 2019), *adopted by* 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019) (granting motion to dismiss under Rule 12(b)(5) where plaintiff, who was previously apprised of service deficiencies, had not shown that she accomplished service of process of the complaint by a method permitted by the Federal Rules of Civil Procedure or state law and failed to demonstrate that good cause exists to permit her an extension of the deadline to effectuate service on Defendant). Here, rather than attempt to establish good cause, she has "doubled down" on her service claims, informing the Court that she does not believe she needs to address any of these concerns with service of process—relying on evidence that demonstrably shows she has not complied with Rule 4(i)(1). *See* Doc. 16 at 1, 3; *see also* Doc. 15 at 6.

For these reasons, *Defendant's Motion to Dismiss* should be granted under Rule 12(b)(5) for failure to properly serve the United States.

### B. Dismissal is Warranted under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction Based on Sovereign Immunity

The United States argues in the alternative that because Plaintiff has failed to demonstrate the necessary waiver of sovereign immunity for her claims alleging violations of the federal civil rights statutes, violations of the Fifth Amendment, or for any claims under the FTCA, these claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *See* Doc. 21 at 24-28. Again, Plaintiff has failed to file a response, notwithstanding that the undersigned *sua sponte* granted her an extension of time to do so.

As previously explained, Plaintiff asserts three civil-rights claims alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986 (Doc. 1, ¶¶ 65-67); two claims alleging violations of her Fifth Amendment rights (Doc. 1, ¶¶ 68-69); and, although she does not assert a separate cause of action under the FTCA, she asserts that she has brought suit pursuant to the FTCA and

references administrative tort claims she asserts were submitted to the DOL, MSPB, and the Federal Circuit. Doc. 1, ¶¶ 15, 72.

        1. <u>Claims under 42 U.S.C. §§ 1983, 1985, and 1986</u>

Plaintiff alleges that the United States, through its employees at the DOL, MSPB, and Federal Circuit, deprived her of her rights under 42 U.S.C. § 1983 because the DOL, MSPB, and the Federal Circuit "hijacked" her right to corrective action under the VPA. Doc. 1, ¶ 65. Further, she alleges that the United States, through the MSPB administrative law judges and Federal Circuit judges, conspired to interfere with her civil rights under 42 U.S.C. §§ 1985(2) and (3) by "follow[ing] the illegal pattern of misconduct" in affirming the decisions of the lower administrative bodies. Doc. 1, ¶ 66. She also asserts that the United States violated 42 U.S.C. § 1986, because the United States, through its employees at the DOL and MSPB, failed to properly investigate her complaints; and that the United States, through the DOL, MSPB, and Federal Circuit, was willfully negligent and lacked oversight to "prevent abuse of authority" that allowed these entities' employees "to restrict the Plaintiff from her Constitutional liberty to fully utilize" her rights under the VPA. Doc. 1, ¶ 67.

The United States contends that because Plaintiff cannot demonstrate subject matter jurisdiction over any of these claims, they must be dismissed under Rule 12(b)(1). Doc. 21 at 24-28. The Court agrees.

The Fifth Circuit has previously affirmed the dismissal of claims brought against federal actors under 42 U.S.C. §§ 1983, 1985, and 1986, explaining that the court has "long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (citation omitted); *see also Beale v. Blount*, 461 F.2d 1133, 1136-37 (5th Cir. 1972)

(declaring that claims brought under 42 U.S.C. §§ 1981-1988 were "barred by the doctrine of sovereign immunity").[4]  For these reasons, Plaintiff's claims under §§ 1983, 1985, and 1986 should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

> ### 2. Fifth Amendment Claims

Plaintiff asserts two claims for alleged violations of the Fifth Amendment to the U.S. Constitution.  First, she asserts that the United States, through its employees at the DOL, MSPB, and Federal Circuit, violated her right to "procedural due process as it relates to corrective action and appointment after her veterans' preference rights" were violated under the VPA.  Doc. 1, ¶ 68.  Second, she alleges that the United States, through its employees at the DOL, MSPB, and Federal Circuit, violated her right to receive equal protection as it relates to corrective action and appointment after her "veterans preference rights" were violated under the VPA.  Doc. 1, ¶ 69. For these alleged violations of the Fifth Amendment (in addition to her other asserted claims), she seeks $2 million in compensatory damages as her sole relief.  Doc. 1, ¶ 71.

The United States, however, has not waived sovereign immunity for suit regarding monetary damages based on constitutional violations.  *See FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994).  As the Fifth Circuit has explained, "the United States has not, in the FTCA or elsewhere, waived sovereign immunity with regard to alleged civil rights or constitutional violations, i.e., violations of due process."  *Partain v. Isgur*, 390 F. App'x 326, 329 (5th Cir. 2010) (citations omitted).  Instead, as there is no common-law right to recover for alleged constitutional

---

[4] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a cause of action against government officers in their individual capacities. Here, however, there are no individual defendants sued in their individual capacity, but only the United States.  Thus, *Bivens* provides no jurisdictional predicate for this action.

violations against the United States, "[s]uch claims are barred by the doctrine of sovereign immunity." *Simmons v. United States*, 2005 WL 2219257, at *1 (N.D. Tex. Sept. 13, 2005).

Because Plaintiff has not demonstrated the necessary waiver of sovereign immunity as to her Fifth Amendment claims, those claims should be dismissed under Rule 12(b)(1).

### 3. FTCA Claims

Plaintiff does not assert a separate cause of action under the FTCA, but she argues that she has brought suit pursuant to the FTCA and references administrative tort claims she asserts were submitted to the DOL, MSPB, and the Federal Circuit. *See* Doc. 1, ¶¶ 15, 72. The United States argues that, "to the extent [Plaintiff] is attempting to allege a claim in this action under the FTCA, she has failed to demonstrate the United States has waived sovereign immunity as to any such FTCA claim." Doc. 21 at 27.

The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 592 U.S. 209, 210-11 (2021) (citing 28 U.S.C. §§ 1346(b), 2674). The FTCA waives sovereign immunity for certain classes of tort claims, including for injury or loss of property. *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991).

In this case, Plaintiff alleges that the United States has violated several federal statutes and the Fifth Amendment of the Constitution, and, from what the Court can discern, she is attempting to allege these violations allow her to bring suit under the FTCA. *See* Doc. 1, ¶¶ 15, 65-70. However, when an FTCA claim is based on alleged violations of federal law—not state law—the claim does not fall within the limited sovereign immunity waiver under the FTCA.

 "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims," as "[b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *Meyer*, 510 U.S. at

478. The Fifth Circuit has found constitutional tort claims are barred by sovereign immunity. *See, e.g.*, *Davis*, 961 F. 2d at 57; *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989).

Similarly, a plaintiff cannot bring suit under the FTCA for alleged violations of federal law, as "the FTCA was not intended to redress breaches of federal statutory duties." *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (quotation marks and citation omitted).

Here, as the bases for Plaintiff's possible FTCA claim(s) would be the United States' alleged breaches of duty under federal civil rights law and the federal statute on prohibited personnel practices, as well as the United States' alleged breaches of the Fifth Amendment, any such claims would not fall within the limited waiver of sovereign immunity provided by the FTCA. Thus, even construed liberally, insofar as Plaintiff is attempting to allege such a claim under the FTCA, it should be dismissed for lack of subject-matter jurisdiction.

For these reasons, with respect to Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986, her claims for violations of the Fifth Amendment, and her claims under the FTCA, *Defendant's Motion to Dismiss* should be granted pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### C. Dismissal under Rule 12(b)(6) for Failure to State a Claim

With respect to Plaintiff's remaining claims, the United States seeks dismissal for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). *See* Doc. 21 at 28-35.

#### 1. Claims under 18 U.S.C. §§ 214 or 242

In addition to asserting causes of action under the federal civil rights statutes, Plaintiff also asserts the United States violated 18 U.S.C. §§ 241 and 242, two criminal statutes. Doc. 1,

¶¶ 65, 66. The United States seeks dismissal under Rule 12(b)(6) because there is no private right of action under 18 U.S.C. §§ 241 and 242. Doc. 21 at 28-29. The Court agrees.

Plaintiff cannot bring suit under these statutes, as "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003)). "[F]ederal criminal statutes do not create a private right of action." *Pertee v. DART*, 2020 WL 5417130, at *2 (N.D. Tex. Feb. 14, 2020) (Toliver, J.), *adopted by* 2020 WL 2781589 (N.D. Tex. May 29, 2020) (Lindsay, J.) (dismissing claim under 18 U.S.C. § 241 for failure to state a claim).

Accordingly, Plaintiff's claims that the United States violated 18 U.S.C. §§ 241 and 242 should be dismissed under Rule 12(b)(6).

### 2. Claims under the VPA and VEOA

The United States also asserts that Plaintiff's claims under the VPA, 5 U.S.C. § 2108, similarly fail under Rule 12(b)(6). Doc. 21 at 29-30. Because there is no private right of action under the VPA, the Court agrees with the United States that any of Plaintiff's VPA claims should be dismissed for failure to state a claim. *See Lucenio v. Houston Indep. Sch. Dist.*, 2022 WL 658838, at *4-5 (S.D. Tex. Feb. 16, 2022) ("The VPA does not provide an express cause of action for an employee to sue for discrimination, even with respect to a federal employment opportunity."), *adopted by* 2022 WL 658719 (S.D. Tex. Mar. 4, 2022).

To the extent that the undersigned liberally construes Plaintiff's Complaint to bring suit under the Veterans Employment Opportunity Act (VEOA) instead of the VPA, as the United States argues, Plaintiff similarly fails to state a claim for relief. "While the VEOA ensures veterans have the opportunity to compete for positions announced through the merit promotion

process, it does not provide for application of the veterans' preference in that context." *Trimble v. Dep't of Homeland Security*, 2023 WL 5921621, at *2 (Fed. Cir. 2023).  Thus, "'an employee is not entitled to veterans' preference in the merit promotion process.'" *Id.* (quoting *Joseph v. F.T.C.*, 505 F.3d 1380, 1383 (Fed. Cir. 2007)); *see also Jolley v. Merit Systems Protection Board*, 752 F. App'x 964, 967-68 (Fed. Cir. 2018) ("Veterans' point preferences under the competitive appointment process do not apply in the merit promotion process, but veterans may not be denied the opportunity to apply.").  Here, documents that Plaintiff attaches to her Complaint reflect that as the VA, FEMA, and ATF positions for which Plaintiff applied were all announced through the merit promotion process, she was eligible to apply for the positions as a preference-eligible veteran but was not entitled to any veterans' preference in the merit promotion process.  *See* Doc. 1 at 58-69, 106-11, and 133-41.

Plaintiff admits in her pleadings that she applied for all three of the vacant Executive Assistant positions and interviewed for two of them.  *See id.* ¶¶ 20, 32, 33, 47.  And, documents she attaches as exhibits to her Complaint, which the Court may consider in ruling on a motion to dismiss, reflect that these roles were merit promotion positions.  Doc. 1 at 59, 107, 135.  As the United States argues, Plaintiff, therefore, received all the benefits to which she was entitled under the VEOA.

Accordingly, Plaintiff's VPA and VEOA claims should be dismissed under Rule 12(b)(6).

### 3. Claims under 5 U.S.C. § 2302

Plaintiff also brings suit under the Civil Service Reform Act, 5 U.S.C. § 1202, *et seq.*, which prohibits personnel actions taken for improper motives.  Plaintiff alleges the United States violated 5 U.S.C. §§ 2302(b)(9)(A), (b)(11)(B), and (e)(1)(A) by failing to order corrective

action for the asserted violations of her rights under the VPA and for allegedly punishing her for filing veterans' preference grievances. Doc. 1, ¶ 70. The United States seeks dismissal of these claims, contending Plaintiff has failed to state a claim for relief as to any of these statutory subsections of section 2302. Doc. 21 at 32-34.

Title 5 U.S.C. § 2302(b)(9)(A) prohibits an employer taking a personnel action against an employee because of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation." Plaintiff alleges that the United States' employees "punish[ed]" her "after she filed veterans preference grievances as a protected veteran." Doc. 1, ¶ 70. Plaintiff alleges she "believe[s]" a DOL investigator determined she was not eligible for any veterans' preference in the hiring process "to torment [her] for filing grievance because he hates veterans." Doc. 1, ¶ 24. Plaintiff makes no other allegations in her Complaint about this alleged retaliation for filing a grievance. On these allegations, the Court agrees with the United States that Plaintiff's allegations are "conclusory," with no factual allegations in support and that she has, therefore, failed to state a plausible claim under section 2302(b)(9)(A). See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (A claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation omitted). Pro se plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but pro se plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. Chhim v. University of Texas at Austin, 836 F.3d 467, 469 (5th Cir. 2016).

Section 2302(b)(11)(B) explains that it is a prohibited personnel practice to "knowingly fail to take, recommend, or approve any personnel action if the taking of such action would violate a veteran's preference requirement." Construed liberally, Plaintiff alleges that the United States violated this section based on the DOL's, MSPB's, and Federal Circuit's alleged failures

to approve corrective action despite having evidence of the violation of her veterans' preference rights. Doc. 1, ¶ 70.

The United States argues that Plaintiff fails to state a claim for a violation of Section 2302(b)(11)(B) because, "[a]s all three federal vacancies at issue were merit promotion opportunities, [she] was not entitled to any veterans' preference in the hiring process." Doc. 21 at 33. According to the United States, "[t]he DOL, MSPB, and the Federal Circuit did not knowingly fail to take any action that violated a veteran's preference requirement. No corrective action can be made where no violation has occurred." Doc. 21 at 33. The Court agrees.

Here, as previously explained, documents that Plaintiff attaches to her Complaint, and which the Court may consider in addressing the Rule 12(b)(6) motion, reflect that, as the VA, FEMA, and ATF positions for which Plaintiff applied were all announced through the merit promotion process, she was eligible to apply for the positions as a preference-eligible veteran but was not entitled to any veterans' preference in the merit promotion process. *See* Doc. 1 at 58-69, 106-11, and 133-41. Thus, there were no violations regarding veterans' preference and no corrective action could have been taken when no violation occurred. Therefore, Plaintiff has failed to state a claim for relief under Section 2302(b)(11)(B).

Finally, Section 2302(e)(1)(A) defines, in part, a "veterans' preference requirement," pointing to other statutory provisions that fall within the phrase. As already stated, Plaintiff has failed to adequately allege a plausible claim that the United States has violated any veterans' preference requirement.

For these reasons, with respect to Plaintiff's claims that the United States violated 5 U.S.C. §§ 2302(b)(9)(A), (b)(11)(B), and (e)(1)(A), *Defendant's Motion to Dismiss* pursuant to Rule 12(b)(6) should be granted.

## IV. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend h[er] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted). Rule 15(a) provides that leave to amend shall be "freely" given "when justice so requires." FED. R. CIV. P. 15(a). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). Granting leave to amend, however, is not required if the plaintiff has already pleaded her "best case." *Brewster*, 587 F.3d at 768 (citation omitted). A plaintiff has pleaded her best case after she is "apprised of the insufficiency" of her complaint. *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008). Similarly, a district court need not grant a futile motion to amend. *Legate*, 822 F.3d at 211 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

Here, notwithstanding Plaintiff's failure to properly effectuate service, because of the substantive pleading deficiencies that provide an alternative bases for dismissal, the Court considers whether leave to amend should be granted. For the reasons detailed by the Court in its analysis *supra*, numerous of Plaintiff's claims are fatally infirm. Specifically, as to all claims where dismissal is appropriate for lack of subject matter jurisdiction, granting leave to amend would be futile and cause needless delay. In addition, as to those remaining claims where dismissal is warranted for failure to state a claim—other than Plaintiff's claims arising under the Civil Service Reform Act and the VEOA—granting leave to amend would be futile and cause needless delay. With respect to Plaintiff's claims under the Civil Service Reform Act and the

VEOA, however, as the Court has not previously apprised her of the insufficiency of her Complaint and granted her leave to amend, the undersigned in unable to conclude that she has pleaded her "best case" or that amendment would be futile, and, accordingly, recommends Plaintiff be granted leave to amend as to these claims.[5]

## V. SANCTION WARNING

This lawsuit is a thinly veiled attempt to challenge the previous rulings of Court of Appeals for the Federal Circuit over the same failure-to-hire matters underlying the claims alleged here.  Moreover, as clearly demonstrated *supra*, the attempts to recast these matters as civil rights violations are wholly frivolous and baseless.  Further, without regard to merit or lack thereof, the claims asserted in this case are also substantially duplicative of claims asserted in another case pending before this Court (*see Trimble v. Myorkas*, No. 3:24-CV-1933-G-BT).

Considering the forgoing, Plaintiff should be warned that if she persists in filing frivolous, baseless, or duplicative lawsuits, the Court may impose monetary sanctions, bar her from bringing any new action, or subject her to other sanctions the Court deems appropriate.  *See* FED. R. CIV. P. 11(b)(2) & (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any

---

[5] Although the Court concludes that all but two claims are fatally infirm, the 14-day objection period will permit Plaintiff to offer facts/allegations, if any, that can cure the deficiencies in those other claims as outlined herein, including the opportunity to establish the United States' waiver of its sovereign immunity as to Plaintiff's claims brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986; the Fifth Amendment; and the FTCA, as well as any exception under the law permitting the pursuit of criminal violations against the Government in this civil action or a claim under the VPA.

provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## VI.  CONCLUSION AND RECOMMENDATION

For the reasons set forth above, *Defendant's Motion to Dismiss*, Doc. 21, should be **GRANTED**, and the Complaint should be **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(5) for failure to properly serve the United States.  Alternatively,  Plaintiff's claims brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986; the Fifth Amendment; and the FTCA claims should be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Plaintiff's remaining claims should be **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6) for failure to state a legally cognizable claim, and Plaintiff should be granted a reasonable period to amend her only those claims under the Civil Service Reform Act and the VEOA to state viable claims, if possible.  Finally, Plaintiff should be warned of the possible imposition of sanctions should she persist in filing frivolous, baseless, or duplicate claims.

**SO RECOMMENDED** on July 31, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).    An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).