IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AISHA TRIMBLE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-1615-L-BK** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 41) ("Report") was entered, recommending that the court grant Defendant's Motion to Dismiss (Doc. 21)[1] and dismiss without prejudice this action by pro se Plaintiff Aisha Trimble ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(5), for failure to properly serve Defendant United States of America ("Defendant"). Alternatively, the magistrate judge recommends that the court grant Defendant's Motion to Dismiss and: (1) dismiss without prejudice for lack of jurisdiction Plaintiff's claims under the Fifth Amendment; the Federal Tort Claims Act; and those brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986; and (2) dismiss with prejudice without leave to amend her remaining claims pursuant to Federal Rule of Civil

---

[1] Instead of filing a response to the Motion to Dismiss, Plaintiff moved to strike the Motion to Dismiss, which was denied by the magistrate judge. Because of Plaintiff's pro se status, the magistrate judge gave her an extension to file a response to the Motion to Dismiss in accordance with this district's Local Civil Rules, but Plaintiff declined to do so and filed objections to the magistrate judge's denial of her request to strike the Motion to Dismiss, contending that she was not required to file a response. The court overruled these objections. Plaintiff also moved to sanction Defendant, which the court denied. Even after explaining to Plaintiff the consequences of her not filing a response to the Motion to Dismiss—that the failure to respond to a dispositive motion or the failure to address specific arguments raised in a dispositive motion may result in waiver or abandonment of issues and claims—Plaintiff did not seek additional time to respond to the Motion to Dismiss. Doc. 36 at 9. She instead objected to the court's order and accused the undersigned of taking "non-judicial, illegal and biased actions against [her]" and "exercising a pattern of violating a black American woman's civil right to due process under FRCP 4(I) and 55a." Docs. 37 & 38 at 1-2. Plaintiff's grounds for seeking to strike the Motion to Dismiss and sanction Defendant are similar to those asserted in her current objections to the Report—that Defendant should be barred from filing a Motion to Dismiss based on insufficient service because it had already defaulted by failing to timely appear.

Order – Page  1

Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. These claims include those for alleged violations of 5 U.S.C. §§ 2302(b)(9)(A), (b)(11)(B), and (e)(1)(A); 18 U.S.C. §§ 241 and 242; the Veterans Preference Act of 1944 ("VPA"); and the Veterans Employment Opportunities Act of 1988 ("VEOA"). The magistrate judge further recommends that the court warn Plaintiff that, if she persists in filing frivolous, baseless, or duplicative lawsuits, she may be barred from bringing new actions in the future or sanctioned monetarily. In this regard, the magistrate judge notes that this lawsuit is a:

> thinly veiled attempt to challenge the previous rulings of Court of Appeals for the Federal Circuit over the same failure-to-hire matters underlying the claims alleged here. Moreover, as clearly demonstrated supra, the attempts to recast these matters as civil rights violations are wholly frivolous and baseless. Further, without regard to merit or lack thereof, the claims asserted in this case are also substantially duplicative of claims asserted in another case pending before this Court (*see Trimble v. Myorkas*, No. 3:24-CV-1933-G-BT).

Report 20.

Plaintiff filed objections (Docs. 42, 43) to the Report, contending that the magistrate judge erred because the manner in which she attempted to serve Defendant was sufficient, and Defendant failed thereafter to timely appear and file its Motion to Dismiss. Plaintiff further asserts that the magistrate judge erred because the Report misconstrues key facts about the nature of her lawsuit against Defendant. She, therefore, contends that she need only provide evidence to support a motion for default judgment.

Having considered the Motion to Dismiss, file, Report, and record in this case, and having conducted a de novo review of the portions of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections to the Report and **grants** Defendant's Motion to Dismiss (Doc. 21) to the extent that it: (1) **dismisses without prejudice** for lack of subject matter jurisdiction Plaintiff's claims under the Fifth Amendment; the Federal Tort

Order – Page 2

Claims Act; and those brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as she has failed to demonstrate the necessary waiver of sovereign immunity for these claims;[2] and (2) **dismisses without prejudice** Plaintiff's remaining claims pursuant to Rule 12(b)(5) as a result of her failure to properly serve Defendant. Having determined that dismissal of the action is appropriate on these grounds, the court need not address the other alternative grounds for dismissal on the merits proposed by the magistrate judge, except to note that, contrary to Plaintiff's assertion, dismissal on these grounds would have also been appropriate. *Further, the court warns Plaintiff that if she persists in filing frivolous, baseless, or duplicative lawsuits, she may be barred from bringing new actions in the future or sanctioned monetarily.*

**It is so ordered** this 5th day of August, 2025.

Sam A. Lindsay
United States District Judge

---

[2] The court addresses first the claims for which jurisdiction is lacking, as it cannot act absent jurisdiction.

**Order – Page 3**